

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00901-CV

Gupreet **KOCHAR**,
Appellant

v.

Mark **WASSERMAN** d/b/a Chick-fil-A Medical Center FSU,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 2017CV02440
Honorable David J. Rodriguez, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice
               Irene Rios, Justice

Delivered and Filed: July 24, 2019

AFFIRMED

Gupreet Kochar slipped and fell at a Chick-fil-A restaurant and sued the restaurant's prior franchisee, Mark Wasserman. Wasserman moved for summary judgment, arguing he, in his individual capacity, did not own or control the premises. The trial court granted the motion. On appeal, Kochar relies on a property tax record and a webpage from Chick-fil-A's website listing Wasserman as the "restaurant operator." Concluding this evidence does not raise a fact issue as to a prior franchisee's ownership or control of the premises, we affirm.

## BACKGROUND

Wasserman executed a Franchise Agreement with Chick-fil-A, Inc. to operate a restaurant in San Antonio. The Franchise Agreement named Wasserman, individually, as the "franchisee" and the restaurant "operator," and the agreement became effective on January 1, 2015. The Franchise Agreement provided a franchisee may assign his rights under the agreement to a corporation formed for the sole purpose of operating the franchised restaurant.

Before the Franchise Agreement became effective, Wasserman formed a corporation "CMIL & FAMILY, INC." for the sole purpose of operating the franchised restaurant. Wasserman was named as the sole director of CMIL. Under an "Assignment and Consent to Assignment Agreement," Wasserman, individually, assigned "all the right, title and interest of [Wasserman] in and to . . . the Franchise Agreement . . . and the Business," to CMIL. The Assignment and Consent to Assignment Agreement also became effective on January 1, 2015.

Kochar sued Wasserman, individually, alleging he slipped and fell at the Chick-fil-A restaurant on August 27, 2016. Kochar alleged Wasserman was negligent by failing to protect him against dangerous conditions on the premises. Wasserman filed an answer, generally denying Kochar's allegations and, in a verified denial, alleged he was not a proper party to the proceeding because he was not the owner, operator, or franchisee of the restaurant.

Wasserman filed a traditional and no-evidence motion for summary judgment. He argued he owed no legal duty to Kochar because he assigned all of his rights and interests to the restaurant to CMIL. In his summary judgment response, Kochar relied on: (1) a property tax record that, according to Kochar, shows Wasserman owned "fixtures, equipment, and personal property" on the premises; and (2) a webpage on Chick-fil-A's website listing Wasserman's name under the heading "restaurant operator." Granting Wasserman's motion, the trial court rendered summary judgment against Kochar. Kochar timely appealed.

## STANDARD OF REVIEW

We review the trial court's grant of a traditional or no-evidence summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To prevail on a traditional motion for summary judgment, the movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). We review a no-evidence summary judgment using the well-established legal sufficiency standard. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003); *see also* TEX. R. CIV. P. 166a(i). In reviewing a summary judgment, we take as true all evidence favorable to the non-movant, indulging every reasonable inference and resolving any doubts in the non-movant's favor. *Knott*, 128 S.W.3d at 215.

## DISCUSSION

Kochar argues he produced evidence raising a fact issue that Wasserman, individually, owed a duty to protect him against dangerous conditions on the premises where he slipped and fell. "[T]he duty to make the premises safe or warn of dangerous conditions generally runs with the ownership or control of the property, and a defendant's liability under a premises liability theory rests on the defendant's assumption of control of the premises and responsibility for dangerous conditions on it." *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 474 (Tex. 2017) (internal quotation marks omitted). In other words, "[t]o establish premises liability, a plaintiff must show that the defendant had control over and responsibility for the premises." *Cohen v. Landry's Inc.*, 442 S.W.3d 818, 824 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

The parties dispute whether Wasserman, individually, is the proper defendant. "Under Texas law, a corporation is presumed to be a separate entity from its officers and shareholders." *Richard Nugent & CAO, Inc. v. Estate of Ellickson*, 543 S.W.3d 243, 266 (Tex. App.—Houston

[14th Dist.] 2018, no pet.). A plaintiff bears the burden to plead and prove a theory to pierce the corporate veil. *U.S. KingKing, LLC v. Precision Energy Servs., Inc.*, 555 S.W.3d 200, 213 (Tex. App.—Houston [1st Dist.] 2018, no pet.). Kochar did not plead or attempt to prove any corporate-veil-piercing theory to impose liability on Wasserman for CMIL's acts or omissions, and instead sought to prove Wasserman, individually, owned or had control of the restaurant premises.

Kochar does not dispute Wasserman satisfied his initial summary judgment burden to establish he did not own, have possession, or have any control over the premises because he assigned all of his rights under the Franchise Agreement to CMIL. Instead, Kochar contends the two documents he produced in response to Wasserman's summary judgment motion created a fact issue about control: (1) the property tax record; and (2) a webpage from Chick-fil-A's website listing Wasserman as the "restaurant operator." Wasserman argues this evidence does not create a fact issue that he, individually, owned and controlled the premises. We agree.

The tax record, which consists of a printout of property details from the Bexar County Appraisal District's website, does not mention Wasserman or CMIL. Instead, the tax record states the owner of the property is "Medical Drive Retail LP." Although Kochar contends this record shows Wasserman "held the personal property of the premises in his individual name," the record does not contain any such information. The record before us does not support Kochar's assertions.[1] The only other evidence Kochar relies on is a webpage from Chick-fil-A's website. The webpage shows "Mark Wasserman" is listed as the "restaurant operator," and contains the restaurant's address, phone number, and days and hours of operation, as well as a map to the restaurant. Kochar produced no affidavit or other evidence explaining this listing or showing Wasserman is listed in his individual capacity, as opposed to his capacity as director of CMIL. Furthermore, this listing

---

[1] We do not address whether, had the record supported Kochar's assertions, evidence of ownership of personal property in a restaurant is evidence of ownership or control of the premises.

would require a jury to speculate as to whether Wasserman and Chick-fil-A executed a subsequent agreement naming Wasserman, individually, as franchisee of the restaurant again, or giving Wasserman, individually, some right to control the premises. Evidence that requires such speculation is not competent summary judgment evidence. *See Branson v. Spiros Partners Ltd.*, No. 04-07-00007-CV, 2007 WL 4547502, at \*2 (Tex. App.—San Antonio Dec. 28, 2007, no pet.) (mem. op.).

We hold Kochar failed to produce evidence raising a genuine issue of material fact as to whether Wasserman, individually, owned or controlled the premises. Without such ownership or control, Wasserman, individually, owed Kochar no "duty to make the premises safe or warn of dangerous conditions." *See United Scaffolding, Inc.*, 537 S.W.3d at 474. The trial court therefore properly granted Wasserman's motion for summary judgment.

## CONCLUSION

We affirm the trial court's judgment.

Luz Elena D. Chapa, Justice